UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN L. MARTIN,

        Plaintiff,

        v.                                           CAUSE NO.: 3:20-CV-82-JD-MGG

JOHN GALIPEAU, et al.,

        Defendants.

## OPINION AND ORDER

Kevin L. Martin, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678.

In the complaint, Martin alleges that, on July 19, 2019, Martin transferred from Wabash Valley Correctional Facility to the Westville Correctional Facility. Officer Hart falsely represented that Martin had transferred from New Castle Correctional Facility, and legal documents were missing from his property. On September 29, 2019, Martin filed a tort claim and attempted to initiate criminal charges. Thereafter, Martin began receiving cold kosher trays that correctional staff unwrapped in violation of departmental policy. On December 19, 2019, Warden Galipeau ordered correctional staff, including Captain Lewis, Sergeant Spatoes, and Officer David to confiscate his property, including legal papers, writing supplies, and religious materials, stating that it presented a fire hazard. On December 19, 2019, Warden Galipeau also designated Martin as a grievance abuser. On December 23, 2019, Caseworker Samm refused to mail a legal document to the courts, which resulted in a delay.

Martin asserts that the defendants interfered with his access to the courts by confiscating legal documents and refusing to mail them. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a

claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds). Here, Martin alleges that the defendants' actions impeded his ability to conduct discovery and settlement discussions in several civil actions and that his cases will be dismissed.[1] While these actions may have made

---

[1] Martin specifically refers to *Martin v. Dugan*, 2:19-cv-134 (S.D. Ind. filed Mar. 19, 2019), *Martin v. Ledford*, 2:19-cv-201 (S.D. Ind. filed Apr. 29, 2019); *Martin v. Ellis*, 2:19-cv-280 (S.D. Ind. filed June 11, 2019);

3

litigation more difficult, the allegation that his cases will be dismissed is speculative, and there is no other allegation that suggests prejudice to a potential meritorious claim. Therefore, Martin may not proceed on a claim for interference with access to the courts.

Martin further asserts a First Amendment claim against Warden Galipeau, Captain Lewis, Sergeant Spatoes, and Officer David, alleging that they retaliated against him for filing a tort action and seeking criminal charges by confiscating his property and by designating him as a grievance abuser. To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Martin adequately asserts that he engaged in protected activity and suffered a deprivation that would likely deter further activity, but the complaint contains no factual allegations suggesting that Martin's legal efforts motivated the defendants' conduct eighty-one days later. *See Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012) ("For an inference of causation to be drawn solely on the basis of a suspicious-timing argument, we typically allow no more than a few days to elapse between the protected activity and the adverse action."). Therefore, Martin may not proceed on a First Amendment claim against these defendants.

---

*Martin v .Brown*, 2:19-cv-298 (S.D. Ind. June 25, 2019). The electronic dockets for these cases show no indication that they are likely to be dismissed but instead illustrate the Southern District of Indiana's attempts to accommodate the limitations of his ability to litigate as a pro se prisoner.

4

Martin asserts that the confiscation of his property also violated his Fourteenth Amendment right to procedural due process because he did not receive notice or a hearing. The Fourteenth Amendment provides that State officials shall not "deprive any person of life, liberty, or property, without due process of law." However, a State can fulfill its obligation to provide procedural due process by implementing a method by which an individual can seek appropriate remedies. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The State of Indiana has satisfied its obligation to provide procedural due process by implementing the Indiana Tort Claims Act, Ind. Code 34-13-3, *et seq.*, which allows individuals to file lawsuits and to seek compensation for property losses caused by government employees. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Because the State of Indiana provides adequate procedural due process, this claim is dismissed.

Finally, Martin asserts that the confiscation of religious reading material violated his rights under the Free Exercise Clause. "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Kaufman v. McCaughtry*, 419 F.3d 678, 682 (7th Cir. 2005). Here, as well, the allegations are too vague to support a claim under the Free

Exercise Clause. Martin does not identify any central religious belief or practice, and there are no allegations suggesting that the confiscation of reading materials amounted to a substantial burden.

Though Martin may not proceed on this complaint, the court will give Martin the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. However, Martin should only file an amended complaint if he believes he can address the deficiencies set forth in this order.

For these reasons, the court:

(1) GRANTS Kevin L. Martin until April 25, 2020, to file an amended complaint; and

(2) CAUTIONS Kevin L. Martin that, if he does not respond by that deadline this case will be dismissed without further notice.

SO ORDERED on March 25, 2020

                                          /s/JON E. DEGUILIO
                                          JUDGE
                                          UNITED STATES DISTRICT COURT