UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN L. MARTIN,

    Plaintiff,

    v.      CAUSE NO.: 3:20-CV-82-JD-MGG

JOHN GALIPEAU, et al.,

    Defendants.

OPINION AND ORDER

Kevin L. Martin, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Martin alleges that, on July 17, 2019, he transferred to the Westville Control Unit, and Officer Hart confiscated his religious materials and refused to return them. On December 19, Warden Galipeau ordered Captain Lewis, Sergeant Spates, and Officer David to confiscate his property, which included religious materials

from his cell. His sincerely held religious beliefs require him to study religious materials before each meal. Martin asserts that these defendants violated his rights under the Free Exercise Clause of the First Amendment by depriving him of the religious materials for study as required by his religious faith. "[T]he protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532, (1993). "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987) *Kaufman v. McCaughtry*, 419 F.3d 678, 682 (7th Cir. 2005). Based on the allegations in the complaint, Martin asserts a plausible claim under the Free Exercise Clause against Warden Galipeau, Captain Lewis, Sergeant Spates, Officer David, and Officer Hart.

Martin further asserts a First Amendment retaliation claim against Warden Galipeau, Captain Lewis, Sergeant Spates, Officer David, and Officer Hart. To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment

activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Based on the allegations in the amended complaint, Martin may proceed on a First Amendment claim against Warden Galipeau. However, Martin alleges that he filed a lawsuit and grievances only against Warden Galipeau,[1] so he may not proceed against the other defendants because the allegations do not suggest that Martin's First Amendment activity personally motivated them in confiscating his property.

Martin asserts an equal protection claim against Warden Galipeau, Captain Lewis, Sergeant Spates, Officer David, and Officer Hart for discriminating against him on the basis of his religion. "To show a violation of the Equal Protection Clause, plaintiffs must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Illinois State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001). "To prove discriminatory effect, the plaintiffs are required to show that they are members of a protected class, that they are otherwise similarly situated to members of the unprotected class, and that plaintiffs were treated differently from members of the unprotected class." *Id.* Discriminatory purpose implies more than intent as awareness of consequences. It implies that the decisionmaker selected or reaffirmed a particular course of action at least in part because of its adverse effects upon an identifiable group." *Id.* at 645. Martin does not explain how he was treated differently

---

[1] The sole exception is Martin's allegation that he filed an informal grievance against Officer Hart. However, he alleges that he did so after the confiscation had already occurred, thus the informal grievance could not have motivated Officer Hart's confiscation.

than similarly situated inmates of other faiths or provide any facts to suggest that religious animus motivated the defendants' conduct. Therefore, Martin may not proceed on an Equal Protection Claim.

Finally, Martin seeks injunctive relief to prevent correctional staff from confiscating religious materials and discriminating against him due to his religious beliefs under the Religious Land Use and Institutionalized Persons Act. The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental actors from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 135 S. Ct. 853 (2015). A restriction imposes a substantial burden on an inmate's religious practice when it "seriously violates or contradicts an inmate's religious beliefs." *West v. Grams*, 607 F. App'x 561, 567 (7th Cir. 2015). Warden Galipeau has both the authority and the responsibility to ensure that Martin receives the accommodations to which he is entitled under RLUIPA. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Martin may proceed on an injunctive relief claim against Warden Galipeau in his official capacity.

For these reasons, the court:

(1) GRANTS Kevin L. Martin leave to proceed on a claim for money damages against Officer Hart for violating his rights under the Free Exercise Clause of the First

4

Amendment by confiscating his religious materials following the July 2019 transfer and refusing to return them;

(2) GRANTS Kevin L. Martin leave to proceed on a claim for money damages against Warden Galipeau, Captain Lewis, Sergeant Spates, and Officer David for violating his rights under the Free Exercise Clause of the First Amendment by confiscating his religious materials in December 2019;

(3) GRANTS Kevin L. Martin leave to proceed on a claim for money damages against Warden Galipeau for violating his rights under the First Amendment by confiscating his property in retaliation for lawsuits and grievances directed at Warden Galipeau;

(4) GRANTS Kevin L. Martin leave to proceed on a claim for injunctive relief against the Warden Galipeau in his official capacity to prevent the confiscation of religious materials to the extent required by the Religious Land Use and Institutionalized Persons Act;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Galipeau, Captain Lewis, Sergeant Spates, Officer David, and Officer Hart at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 9) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Galipeau, Captain Lewis, Sergeant Spates, Officer David, and Officer Hart to respond, as provided for in

the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Kevin L. Martin has been granted leave to proceed in this screening order.

    SO ORDERED on July 13, 2020

                                          /s/JON E. DEGUILIO  
                                          CHIEF JUDGE  
                                          UNITED STATES DISTRICT COURT