UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN L. MARTIN,

    Plaintiff,

    v.                                     CAUSE NO. 3:20-CV-00082-JD

JOHN GALIPEAU, et al.,

    Defendants.

## OPINION AND ORDER

Kevin L. Martin, a prisoner without a lawyer, is proceeding in this case on four claims. ECF 11. The defendants have filed a motion for summary judgment on each of Martin's claims. ECF 81.

First, Martin is proceeding "against Officer Hart for violating his rights under the Free Exercise Clause of the First Amendment by confiscating his religious materials following the July 2019 transfer and refusing to return them[.]" ECF 11 at 4-5. The defendants argue summary judgment is warranted on this claim because Martin has not provided evidence supporting a First Amendment retaliation claim. ECF 82 at 11-18. But Martin is proceeding against Officer Hart on a Free Exercise Clause claim, not a retaliation claim. *See* ECF 11 at 4-5; *Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (outlining the standard for a Free Exercise Clause claim).

Second, Martin is proceeding "against Warden Galipeau, Captain Lewis, Sergeant Spates, and Officer David for violating his rights under the Free Exercise Clause of the First

Amendment by confiscating his religious materials in December 2019[.]" ECF 11 at 5. The defendants again argue summary judgment is warranted on this claim because Martin has not provided evidence supporting a First Amendment retaliation claim. ECF 82 at 11-18. As discussed above, Martin is proceeding against these defendants on a Free Exercise Clause claim, not a retaliation claim.

Third, Martin is proceeding "against Warden Galipeau for violating his rights under the First Amendment by confiscating his property in retaliation for lawsuits and grievances directed at Warden Galipeau[.]" ECF 11 at 5. The defendants argue Warden Galipeau's confiscation of Martin's property did not violate Martin's First Amendment rights because it did not deprive Martin of his right to practice his religion. ECF 82 at 12-13. However, Martin is proceeding against Warden Galipeau in this claim for confiscating his property in retaliation for filing lawsuits and grievances, not for depriving him of his right to practice his religion.

Lastly, Martin is proceeding on an injunctive relief claim against Warden Galipeau "to prevent the confiscation of religious materials to the extent required by the Religious Land Use and Institutionalized Persons Act[.]" ECF 11 at 5. The record indicates Martin no longer is housed at Westville Correctional Facility. If this claim is moot, the court lacks jurisdiction to adjudicate this claim.

If the defendants believe they can file a summary judgment motion which properly addresses the legal issues in this case, they must file a new summary judgment motion.

3

For these reasons, the court DENIES the defendants' motion for summary judgment (ECF 81) with leave to refile on or before March 21, 2022.

SO ORDERED on February 2, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT